COTTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CRIMINAL No. 21-cr-20003-MSN |
| ) | |
| ) | 18 U.S.C. §981 |
| KATRINA ROBINSON, ) | 18 U.S.C. §982 |
| KATIE AYERS and ) | 18 U.S.C. §1349 |
| BROOKE BOUDREAUX, ) | 18 U.S.C. §1956 |
| ) | 28 U.S.C. §2461 |
| Defendants. ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### General Allegations

During all times material to this Indictment:

1. The Healthcare Institute LLC ("THI") was a Tennessee Corporation registered with the State of Tennessee as a domestic, for-profit corporation, and located at 7253 Winchester Rd., Memphis, Tennessee.

2. THI was a healthcare education provider, offering training programs in certified nursing assistance (CNA), phlebotomy, and Licensed Practical Nursing (LPN).

3. Defendant **KATRINA ROBINSON** was Director and beneficial owner of THI.

4. Brezinski's Security Doors, LLC (Brezinski's) was a Tennessee corporation located at 3200 S. 3rd Street, Memphis, Tennessee.

5. Defendant **KATIE AYERS** ran Brezinski's on behalf of the owner, Alaric Ayers, and had access to its bank accounts.

6. Regions Bank was a financial institution headquartered in Birmingham, Alabama and insured by the Federal Deposit Insurance Corporation (FDIC).

7. Wells Fargo Bank was a financial institution headquartered in San Francisco, California and insured by the FDIC.

8. American Express was a financial services company headquartered in New York, New York, which provided charge card and credit card services.

## COUNT 1
### (Conspiracy to Commit Wire Fraud)

9. The allegations in paragraphs 1-8 are hereby realleged and incorporated by reference as though fully set forth herein.

10. From on or about October 1, 2017 and continuing until or about November 30, 2017, the exact dates being unknown to the Grand Jury, in the Western District of Tennessee and elsewhere, the defendants,

**KATRINA ROBINSON**
**KATIE AYERS**
**AND**
**BROOKE BOUDREAUX**

did knowingly and willfully conspire, confederate and agree with each other, and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States; that is, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to transmit and cause to be transmitted by means of wire, radio, and/or television communication in interstate commerce, signs, signals, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

11. It was the object of the conspiracy and scheme and artifice to defraud for the defendants to unjustly enrich themselves by means of fraudulent misrepresentations concerning defendant **BROOKE BOUDREAUX**'s enrollment as a student at THI.

## MANNER AND MEANS OF THE CONSPIRACY AND SUBSTANCE OF SCHEME AND ARTIFICE

12. It was part of the conspiracy and scheme and artifice to defraud that **BROOKE BOUDREAUX** represented to victim R.S. that she intended to attend THI as a student, and convinced victim R.S. to pay her tuition and other expenses for that purpose.

13. It was part of the conspiracy and scheme and artifice to defraud that on or about October 16, 2017, **KATRINA ROBINSON** met with victim R.S. and accepted a payment from R.S. in the amount of $14,470.00, which was charged to R.S.'s American Express Card in a transaction which affected interstate commerce. **KATRINA ROBINSON** and **BROOKE BOUDREAUX** represented to R.S. that this payment was for **BROOKE BOUDREAUX**'s tuition and other expenses as a student at THI.

14. In fact, **BROOKE BOUDREAUX** was not a student at THI, and it was part of the conspiracy and scheme and artifice to defraud that the $14,470.00 was split among **BROOKE BOUDREAUX**, **KATRINA ROBINSON**, and **KATIE AYERS**.

15. It was part of the conspiracy and scheme and artifice to defraud that between on or about October 11, 2017 and on or about November 22, 2017, **KATRINA ROBINSON**, **KATIE AYERS**, and **BROOKE BOUDREAUX** corresponded with one another electronically via text message for the purpose executing the scheme and dividing the proceeds among themselves.

16. It was part of the conspiracy and scheme and artifice to defraud that on or about November 21, 2017, **KATRINA ROBINSON** tendered to **BROOKE BOUDREAUX** Check #1235 drawn on THI's account at Regions Bank in the amount of $10,082.00, the memo line of which read "Tuition Refund – LPN withdrawal". In fact, the check was for **BOUDREAUX**'s and **AYERS**'s share of the proceeds of the scheme.

17. It was part of the conspiracy and scheme and artifice to defraud that on or about November 27, 2017, **BOUDREAUX** endorsed the check over to Brezinski's Security Doors, LLC. The check was then deposited into an account held by Brezinski's and controlled by **KATIE AYERS** at Wells Fargo Bank in a transaction affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### (Conspiracy to Commit Money Laundering)

The allegations in paragraphs 1-17 are hereby realleged and incorporated by reference as though fully set forth herein.

Between on or about November 21, 2017 and on or about November 27, 2017, in the Western District of Tennessee and elsewhere, the defendants

**KATRINA ROBINSON
KATIE AYERS
AND
BROOKE BOUDREAUX**

did knowingly combine, conspire, and agree with each other to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(a) to knowingly conduct and attempt to conduct one or more financial

transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is the financial transactions alleged in paragraphs 16 and 17 above, with the intent to promote the carrying on of specified unlawful activity, that is wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. §§1343 and 1349, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

    (b)    to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the financial transactions alleged in paragraphs 16 and 17 above, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and,

    (c)    to knowingly engage and attempt to engage in monetary transactions affecting interstate commerce, in criminally derived property of a value of greater than $10,000.00, that is, the transactions alleged in paragraphs 16 and 17 above, having been derived from specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## CRIMINAL FORFEITURE

1.  The allegations contained in paragraphs 1-17 and Counts 1-2 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

2.  Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense(s) in violation of Title 18 United States Code, Section 1349 the defendants, **KATRINA ROBINSON**, **KATIE AYERS**, and **BROOKE BOUDREAUX**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

>   Money Judgment: A personal money judgment representing the aggregate of the proceeds of the offense charged in Count 1, that is, at least fourteen thousand four hundred seventy dollars ($14,470.00) in U.S. funds.

3.  Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h) charged in Count 2 above, the defendants, **KATRINA ROBINSON**, **KATIE AYERS**, and **BROOKE BOUDREAUX**, shall forfeit to the United States any property, real or personal, involved in such offense, and/or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

>   Money Judgment: A personal money judgment representing the aggregate of the property in involved in the offense charged in Count 2, that is, ten thousand eighty-two dollars ($10,082.00) in U.S. funds.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**A TRUE BILL:**

_____
**FOREPERSON**

DATED: _____

_____
**D. MICHAEL DUNAVANT**
**UNITED STATES ATTORNEY**