FILED BY
KS
JUL 17 2020
Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Memphis

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

IN RE: CONTINUED COURT )
    OPERATIONS UNDER THE )  Administrative Order No. 2020-30
    EXIGENT CIRCUMSTANCES )
    RESULTING FROM COVID-19 )
    OUTBREAK )

       The CARES Act, Title V, § 15002(b)(3)(A), provides that upon the determination of the Judicial Conference of the United States "that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601 et seq.) with respect to the Coronavirus Disease 2019 ("COVID–19") will materially affect the functioning of either the Federal courts generally or a particular district court of the United States," the chief judge of any judicial district covered by the finding is permitted to authorize the use of video teleconferencing (or telephone conferencing where video teleconferencing is not reasonably available) for certain proceedings. The Judicial Conference of the United States made such a determination on March 29, 2020, thereby triggering the Chief Judge's authority to allow video teleconferencing in this District.

       On March 17, 2020, the Court entered Administrative Order No. 2020-12, In Re: Court Operations Under the Exigent Circumstances Resulting From COVID-19 Outbreak, in response to President Trump's March 13, 2020, declaration that the COVID-19 outbreak was a national emergency, and in light of guidance considered from the Centers for Disease Control and Prevention ("CDC"), as well as federal, state, and local public health authorities, in order to protect the health, safety, and welfare of the public and Western District of Tennessee Court employees.

       On March 30, 2020, the Court entered Administrative Order No. 2020-17, recognizing that emergency conditions exist throughout the District, as found by the Judicial Conference of the United States under the CARES Act, and specifically found that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure could not be conducted in person without seriously jeopardizing public health and safety, and thus permitted the use of video teleconferencing, or telephone conferencing if video teleconferencing was not reasonably available, in such cases. The Court further found that

if a judge in an individual case found, for specific reasons, that such a plea or sentencing could not be further delayed without serious harm to the interests of justice, the judge was permitted, with the consent of the defendant after consultation with counsel, to use video teleconferencing, or teleconferencing if video teleconferencing was not reasonably available, for the felony plea or sentencing in that case.

On April 3, 2020, the Court entered Administrative Order No. 2020-19, extending and otherwise modifying its March 17, 2020 Administrative Order, in response to the ongoing health and safety concerns related to the COVID-19 outbreak. On April 21, 2020, the Court entered Administrative Order No. 2020-21, extending and otherwise modifying its March 17, 2020 Administrative Order No. 2020-12, through May 31, 2020.

On May 29, 2020, the Court entered Administrative Order No. 2020-26, extending and otherwise modifying its March 17, 2020 Administrative Order No. 2020-12, and any previous Administrative Order not otherwise specifically extended, modified or repealed, through July 31, 2020. Administrative Order No. 2020-26 implemented Phase I of the Court's reopening plan to resume limited in-person proceedings beginning June 1, 2020. The Court's reopening plan, however, continued all civil and criminal jury selections and jury trials scheduled to commence through July 31, 2020.

Since the adoption of Administrative Order No. 2020-26 and at all times during the declared state of emergency, the Court has continued to monitor the spread of COVID-19 in this District and received updated guidance from the CDC and federal, state, and local public health authorities. As of July 16, 2020, the Tennessee Department of Health reported a statewide total of 71,540 COVID-19 cases and 796 resulting deaths in Tennessee. In the 22 Tennessee counties comprising the Western District of Tennessee, the Department of Health reported 20,269 cases, 15,324 of which were recorded in Shelby County alone, the seat of the Court's Western Division. These statistics represent a sharp rise in the number of recently reported cases of COVID-19 in the State of Tennessee and are consistent with the larger trend of rising case numbers now occurring in many parts of the United States.

Based on the best information available about the public health crisis confronting the citizens of the Western District of Tennessee and for the sake of the health and safety of all court staff and others with business before the Court, the Court hereby extends and otherwise modifies its May 29, 2020 Administrative Order No. 2020-26, as follows:

1) All civil and criminal jury selections and jury trials scheduled to begin between August 1, 2020, and August 28, 2020, are hereby CONTINUED until further notice.

2) Regarding criminal jury trials heretofore continued by previous Administrative Orders and any criminal jury trial set to commence between August 1, 2020, and August 28, 2020, the Court finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant in a speedy trial, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court continues to find that the ongoing public health crisis makes criminal jury trials impractical at this time.

    (a) The health and safety concerns posed by COVID-19 make it highly unlikely that a jury can be empaneled in any criminal case while also complying with relevant federal, state, and local health directives and recommendations.

    (b) While some citizens are likely willing to serve, other citizens, particularly those in recognized high-risk categories, may be unwilling to appear for jury selection, even with the Phase I safety precautions and procedures adopted by the Court. The CDC has specifically noted that COVID-19 has had a disproportionate impact on African-American and Latino citizens of Shelby County, Tennessee. Given the serious health risks COVID-19 poses as well as the apparent disparate impact of COVID-19 on racial and ethnic groups, the Court has concerns that any jury pool summoned for jury duty at this time may not be fully representative of the citizens of the Western District of Tennessee.

3) The empanelment of new grand juries is suspended through August 28, 2020. All other grand jury proceedings are suspended through August 28, 2020, except in certain time sensitive cases, including cases where the statute of limitations will run and cases where an indictment is necessary to comply with the 30-day time limit under 18 U.S.C. § 3161.

4) In-person proceedings should involve no more than fifteen (15) people in the courtroom. All other protocols and procedures adopted by the Court as part of its Phase I reopening plan and detailed in Administrative Order No. 2020-26 remain in effect.

The Court will continue to evaluate existing circumstances and updated guidance from the CDC and federal, state, and local public health authorities, to determine whether circumstances warrant a transition to Phase II of the Court's reopening plan. The public is encouraged to continue utilizing available Court services while following all applicable public health guidelines.

FOR THE COURT this July 17, 2020,

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE