FILED BY
P. Reid

DEC 3 0 2020

Thomas M. Gould, Clerk
U.S. District Court
W.D. OF TN, Jackson

# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: CONTINUED COURT ) | |
| OPERATIONS UNDER THE ) | Administrative Order No. 2020-45 |
| EXIGENT CIRCUMSTANCES ) | |
| RESULTING FROM COVID-19 ) | |
| OUTBREAK ) | |

The CARES Act, Title V, § 15002(b)(3)(A), provides that upon the determination of the Judicial Conference of the United States "that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States," the chief judge of any judicial district covered by the finding is permitted to authorize the use of video teleconferencing (or telephone conferencing where video teleconferencing is not reasonably available) for certain proceedings. The Judicial Conference of the United States made such a determination on March 29, 2020, thereby triggering the Chief Judge's authority to allow video teleconferencing in this District.

On March 17, 2020, the Court entered Administrative Order No. 2020-12, In Re: Court Operations Under the Exigent Circumstances Resulting From COVID-19 Outbreak, in response to President Trump's March 13, 2020, declaration that the COVID-19 outbreak was a national emergency, and in light of guidance considered from the Centers for Disease Control and Prevention ("CDC"), as well as federal, state, and local public health authorities, in order to protect the health, safety, and welfare of the public and Western District of Tennessee Court employees.

On March 30, 2020, the Court entered Administrative Order No. 2020-17, recognizing that emergency conditions exist throughout the District, as found by the Judicial Conference of the United States under the CARES Act, and specifically found that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure could not be conducted in person without seriously jeopardizing public health and safety, and thus permitted the use of video teleconferencing, or telephone conferencing if video teleconferencing was not reasonably available, in such cases. The Court further found that

if a judge in an individual case found, for specific reasons, that such a plea or sentencing could not be further delayed without serious harm to the interests of justice, the judge was permitted, with the consent of the defendant after consultation with counsel, to use video teleconferencing, or teleconferencing if video teleconferencing was not reasonably available, for the felony plea or sentencing in that case.

On April 3, 2020, the Court entered Administrative Order No. 2020-19, extending and otherwise modifying its March 17, 2020 Administrative Order, in response to the ongoing health and safety concerns related to the COVID-19 outbreak. On April 21, 2020, the Court entered Administrative Order No. 2020-21, extending and otherwise modifying its March 17, 2020 Administrative Order 2020-12, through May 31, 2020.

On May 29, 2020, the Court entered Administrative Order No. 2020-26, extending and otherwise modifying its March 17, 2020 Administrative Order 2020-12, and any previous Administrative Order not otherwise specifically extended, modified or repealed, through July 31, 2020.  Administrative Order No. 2020-26 implemented Phase I of the Court's reopening plan to resume limited in-person proceedings beginning June 1, 2020.  The Court's reopening plan, however, continued all civil and criminal jury selections and jury trials scheduled to commence through July 31, 2020.

On July 17, 2020, the Court entered Administrative Order No. 2020-30, extending and otherwise modifying its March 17, 2020 Administrative Order 2020-12, and any previous Administrative Order not otherwise specifically extended, modified or repealed, through August 28, 2020.

On August 21, 2020, the Court entered Administrative Order No. 2020-33, extending and otherwise modifying its March 17, 2020 Administrative Order 2020-12, and any previous Administrative Order not otherwise specifically extended, modified or repealed, through September 11, 2020.

On September 11, 2020, the Court entered Administrative Order No. 2020-34, extending and otherwise modifying its March 17, 2020 Administrative Order 2020-12, and any previous Administrative Order not otherwise specifically extended, modified or repealed, through October 2, 2020.

On October 2, 2020, the Court entered Administrative Order No. 2020-37, extending and otherwise modifying its March 17, 2020 Administrative Order 2020-12, and any previous

Administrative Order not otherwise specifically extended, modified or repealed, through October 30, 2020.

On October 29, 2020, the Court entered Administrative Order No. 2020-39, extending and otherwise modifying its March 17, 2020 Administrative Order 2020-12, and any previous Administrative Order not otherwise specifically extended, modified or repealed, through November 30, 2020.

On November 25, 2020, the Court entered Administrative Order No. 2020-42, extending and otherwise modifying its March 17, 2020 Administrative Order 2020-12, and any previous Administrative Order not otherwise specifically extended, modified or repealed, through January 15, 2021.

Since the adoption of Administrative Order 2020-42 and at all times during the declared state of emergency, the Court has continued to monitor the spread of COVID-19 in this District and received updated guidance from the CDC and federal, state, and local public health authorities. As of December 29, 2020, the Tennessee Department of Health reported a statewide total of 567,792 COVID-19 cases and 6,588 resulting deaths in Tennessee. These statistics are consistent with a sharp rise in the number of positive cases throughout this District in the month of December.

Based on the best information available about the public health crisis confronting the citizens of the Western District of Tennessee and for sake of the health and safety of all court staff and others with business before the Court, the Court hereby extends and otherwise modifies its November 25, 2020 Administrative Order No. 2020-42 as follows:

1) All civil and criminal jury selections and jury trials scheduled to begin between January 18, 2021, and January 29, 2021, are hereby CONTINUED until further notice.

2) For all criminal jury trials heretofore continued by previous Administrative Orders and any other criminal jury trial set to commence between January 18, 2021, and January 29, 2021, the Court finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant in a speedy trial, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

3) The empanelment of new grand juries is suspended pending further orders of the Court. All other grand jury proceedings are suspended through January 29, 2021, except in certain time sensitive cases, including cases where the statute of limitations will run and

cases where an indictment is necessary to comply with the 30-day time limit under 18 U.S.C. § 3161.

4) All in-person courtroom proceedings are continued through January 15, 2021. The presiding judge may authorize in-person proceedings on a case-by-case basis upon a determination that it is necessary to serve the ends of justice.

The Court will continue to evaluate existing circumstances and updated guidance from the CDC and federal, state, and local public health authorities. The public is encouraged to continue utilizing available Court services while following all applicable public health guidelines.

                          FOR THE COURT this 30th day of December, 2020,

                          s/ S. Thomas Anderson
                          S. THOMAS ANDERSON
                          CHIEF UNITED STATES DISTRICT JUDGE