IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. 2:21-cr-20003-MSN

KATRINA ROBINSON, KATIE AYERS,
and BROOKE BOUDREAUX,

    Defendants.

MOTION TO EXCLUDE IMPROPER AND PREJUDICIAL EVIDENCE RELATING
TO THE INVESTIGATION AND INDICTMENT OF KATRINA ROBINSON
ON THE INITIAL CHARGES

Katrina Robinson, by and through her counsel, Burch, Porter & Johnson, PLLC, respectfully moves the Court, pursuant to Rules 401, 402, 403, and 404 of the Federal Rules of Evidence, for an Order, in advance of trial, with respect to Count I and Count II of the Indictment prohibiting the Government from introducing evidence (either documentary or testimonial), questioning of any witness, or presenting any arguments to the jury (including in opening or closing statement) regarding the investigation, including the execution of the search warrant, and subsequent indictment of Katrina Robinson for allegedly misappropriating funds from The Healthcare Institute (hereinafter "THI"). For the reasons explained below, such evidence is irrelevant to the charges contained in Counts I and II of this matter's Indictment under Rule 401 of the Federal Rules of Evidence and is inadmissible under Rule 402 of the Federal Rules of Evidence. Furthermore, this evidence is also barred by Rules 403 and 404 of the Federal Rules of Evidence based on the danger of unfair prejudice. Simply put, the Government should not be

allowed to insert an unrelated investigation and indictment into the matter before the Jury in this case.

## FACTS

On February 20, 2020, the Federal Government executed search warrants on Katrina Robinson's home and business THI. Among the items seized in the search was the cell phone of Katrina Robinson. In January 2021, Ms. Robinson, along with Ms. Boudreaux and Ms. Ayers, were indicted in a separate and distinct conspiracy to defraud Ms. Boudreaux's domestic partner out of money. In reviewing Katrina Robinson's cell phone, the Government came across text messages which it now intends to use in the prosecution of this matter.

## LAW AND ARGUMENT

That the Government seized a telephone in a separate and independent investigation and later came across text messages, which it interprets as a violation of the law, should not permit the Government to present to the jury the fact that Ms. Robinson was under investigation and subsequently indicted for offenses for which she has not yet been tried. Allowing the jury to hear that search warrants were issued and an indictment later returned on matters involving THI is not relevant to this case. In the present case, the defendants are alleged to be involved with entering into a conspiracy to defraud one of the co-defendant's domestic partners out of money. This case has nothing to do with the complex facts surrounding the first indictment which charges a violation of 18 U.S.C. § 666. Consequently, the introduction of any testimony or argument that Ms. Robinson stands accused in another indictment is not probative of any of the facts before the jury in the case at bar. The lack of probative value supports a finding that the introduction of such testimony or evidence concerning the un-adjudicated conduct should not be permitted. The obtaining of a search warrant and the finding of probable cause by a grand jury could cause the

jury to impermissibly infer that Ms. Robinson committed other bad acts, and thus, she could be unfairly prejudiced.

First, the Court should exclude the subject evidence because it is not relevant to this matter. Rule 401 offers a test of relevance: "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Additionally, "the fact [must be] of consequence in determining the action." Federal Rules of Evidence 401(b). In the signature case of *Old Chief v. United States*, 519 U.S. 172, 179 (1997), the Supreme Court explained that the evidence must, at least, be "a step on one evidentiary route to the ultimate fact" at issue. In the present case, an investigation, search warrant, and indictment in a separate matter do not provide any probative value to the jury in reaching its decision in this case.

In *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020), the Sixth Circuit recognized that "Rule 401 is not a standalone rule." Rule 402 of the Federal Rules of Evidence says that the general admissibility of relevant evidence must yield to other rules. *See* Fed. R. Evid. 402 ("Relevant evidence is admissible unless . . . these rules" provide otherwise.) This includes Rules 404 and 403. *See Hazelwood*, 979 F.3d at 409. Rule 404(a) sets forth that evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(a). Notwithstanding, in a criminal case, if the defendant decides to offer evidence of a pertinent trait the prosecutor may offer evidence to rebut it. *Id.* Rule 404(b) is a "specialized but important application of the general rule excluding circumstantial use of character evidence." Fed. R. Evid. 404, Advisory Committee Note, 1972 Proposed Rules. In *Hazelwood*, 979 F.3d at 410, the Sixth Circuit described the analysis under Rule 404(b), as follows:

> Thus, "[e]vidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted

3

in accordance with the character." Federal Rules of Evidence 404(b)(1). The rules exclude evidence of character because "the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance." *Old Chief*, 519 U.S. at 180-82 (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982)).

To allow the Government to insinuate that Ms. Robinson has committed some other crime or wrong by introducing facts that she had been under investigation, that a search warrant had been served at her house and or her business in an unrelated matter, or that she had been indicted could lead the jury to impermissibly conclude that Ms. Robinson has a bad character, a conclusion which could lead to her conviction solely based on the argument that she is a bad person. Rule 404(a) protects against the Government weaponizing facts that are unrelated to the issues before the jury. For this reason, the Government should not be permitted to disclose that Ms. Robinson is under investigation, that a search warrant was served on her residence and business, or that she was subsequently indicted.

Finally, if the Court does not exclude the evidence under Rules 401, 402, or 404, the Court should certainly exclude the evidence under Rule 403 of the Federal Rules of Evidence. Under Rule 403, a Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Federal Rules of Evidence 403, *see also United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018). The Sixth Circuit has defined unfair prejudice as the "undue tendency to suggest a decision based on improper considerations." *Asher*, 910 F.3d at 861 (quoting *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999)). This can happen when "the prior-act evidence so shocks the conscience that the jury may decide that the defendant is a bad person and deserves to be convicted, even if his guilt were unproven in the instant case, 'because a bad person deserves a punishment.'" *Id.* at 861-862, (quoting *Old Chief*, 519 U.S. at

4

181). "Certainly, a jury is more likely to engage in this type of judgment when the prior conduct evidence portrays the defendant as having committed an appalling act." *Id.* at 862.

Extraordinary prejudice is created by allowing the Government to introduce the fact that there was probable cause to obtain search warrants involving Katrina Robinson's home and business. This prejudice is further exacerbated by the fact that there was a subsequent indictment wherein a grand jury found probable cause that a crime had been committed. Ms. Robinson vehemently denies any wrongdoing. Importantly, neither the search warrant nor the indictment has anything to do with these charges. While these facts offer no insight to the offenses in the present indictment, the un-adjudicated conduct provides a basis for a juror to conclude that Ms. Robinson has bad character and therefore deserves to be convicted. The probative value is almost nonexistent while the unfair prejudice is substantial, and thus the evidence should be excluded under Rule 403 of the Federal Rules of Evidence.

In this case the jury only needs to know that the FBI was in possession of Ms. Robinson's phone and while the phone was in their possession, the FBI performed a search of the phone. This does not open the door to the investigation, execution of the search warrant, or the indictment in an unrelated matter. For these reasons, the Court should take steps to ensure that any verdict reached in the case is not predicated upon prejudice, innuendo, or conjecture. As such, the Court should exclude the evidence of the investigation, execution of the search warrant, and indictment in the unrelated Robinson matter, which has not yet been tried.

## CONCLUSION

For the foregoing reasons, the United States should be prohibited from introducing evidence (either documentary or testimonial), questioning any witness, or presenting any arguments to the jury (including in an opening or closing statement) regarding the investigation,

execution of a search warrant on February 28, 2020, or the subsequent investigation and indictment in the original Katrina Robinson matter.

Respectfully submitted:

s/Lawrence J. Laurenzi
Lawrence J. Laurenzi (TN #9529)
L. Mathew Jehl (TN #38251)
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
Tel: (901) 524-5000
Fax: (901) 524-5024
Email: llaurenzi@bpjlaw.com
Email: mjehl@bpjlaw.com

*Attorney for Defendant Katrina Robinson*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to all counsel of record in this case.

s/Lawrence J. Laurenzi
Lawrence J. Laurenzi
