## PRETRIAL DIVERSION AGREEMENT

I.      It appearing to the United States that **KATIE AYERS** has been charged with the offenses of conspiracy to commit wire fraud and conspiracy to commit money laundering as described in the indictment in case No. 2:21-cr-20003-SHL (W.D. Tenn.) in violation of Title 18, United States Code, Sections 1349 and 1956(h).

II.     It further appearing that **KATIE AYERS** has entered into an agreed upon statement of facts with the United States as to her involvement and that an investigation of the offense and her background indicate that the interests of the United States, **KATIE AYERS**, and of justice will be served by Pretrial Diversion.

III.    Therefore:

    A. On the authority of the Attorney General of the United States and the Acting United States Attorney for the Western District of Tennessee, prosecution in this district for the offenses alleged in the indictment in case No. 2:21-cr-20003-SHL, shall be deferred for a period of 12 months from the date of the last signature appearing at the end of this agreement, provided that **KATIE AYERS** abides by the conditions and the requirements of this Agreement as set forth below.

    B. After successfully completing the Diversion Program and fulfilling all the terms and conditions of the Agreement, no prosecution for the offenses described above will be instituted against **KATIE AYERS** in this district. Upon execution of this agreement by all necessary parties, the United States will move to dismiss the pending charges against **KATIE AYERS** without prejudice.

    C. Should **KATIE AYERS** violate any of the conditions of this Agreement, the United States Attorney may revoke the agreement in its entirety and reinstate the pending charges or, at its option, modify any of its conditions.

    D. The United States Attorney or the Federal Pretrial Services Office may also release **KATIE AYERS** from supervision at any time prior to the expiration of this agreement.

    E. If **KATIE AYERS** violates any of the terms and conditions of this agreement, **the United States Attorney may initiate prosecution on the charges that are the subject of this agreement at any time during the period of supervision or, if the period of supervision has expired, within six (6) months from the date of such expiration.** Under these circumstances, **KATIE AYERS** will receive notice specifying the conditions of the Agreement which have been violated.

IV.     **General Conditions of Pretrial Diversion**

    **KATIE AYERS** understands and agrees that:

  A. She will not violate any law (federal, state or local), and will immediately contact her pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer.

  B. She will truthfully report to her pretrial diversion supervisor as directed, keep her pretrial diversion supervisor informed of her whereabouts, and follow his/her instructions.

  C. She will attend school or work regularly at a lawful occupation. If she is unable to attend school or work regularly at a lawful occupation, she will notify her pretrial diversion supervisor immediately

  D. She will not possess a firearm or any other destructive device or weapon at any time.

  E. She will refrain from any use or unlawful possession of a narcotic drug.

  F. She will submit to third party risk notification as directed by her pretrial diversion supervisor.

  G. She will notify her pretrial diversion supervisor of any change in address or telephone number;

V. **KATIE AYERS** does hereby assert and certify that she is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. She is aware of her rights under the Speedy Trial Act of 1975, 18 U.S.C. § 3161 *et seq.*, and that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or bringing a defendant to trial. **KATIE AYERS** does hereby request that the United States Attorney for the Western District of Tennessee defer such prosecution. She agrees and consents that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at her request, and she agrees to waive any defense to such prosecution on the ground that such delay operated to deny any rights under 18 U.S.C. §3161 *et seq.*, Rule 48(b) of the Federal Rules of Criminal Procedure, and the Sixth Amendment to the Constitution of the United States to a speedy and public trial, or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this Agreement.

VI. I, **KATIE AYERS** hereby state that I have read the above, and that I understand the conditions of my Pretrial Diversion Program and agree that I will comply with them.

VII. I, **KATIE AYERS**, in consideration of my being considered and approved for the Pretrial Diversion Program, agree:

A. That if I breach any of the terms of this agreement and the United States reinstates the dismissed charges against me:

1. I will waive my right to indictment by a grand jury and that the United States may reinstate the charges against me through the filing of an information;

2. Any statements I have made prior to signing this agreement, and any statements that I may make under the terms of this agreement may be used against me at trial.

_____   12-14-21
Divertee                                Date
KATIE AYERS

_____   12-14-21
Attorney for Divertee                   Date
MICHAEL E. SCHOLL


JOSEPH C. MURPHY, JR.
Acting United States Attorney

By: _Christopher E. Cotten_____   12/15/21
CHRISTOPHER E. COTTEN                       Date
Assistant United States Attorney


_Bruce M. Weidner_____   12/15/2021
BRUCE WEIDNER                               Date
Chief Pretrial Services Officer

3

**Basis in Fact**

Katrina Robinson owns and operates The Healthcare Institute (THI) in Memphis, Tennessee. Classes are offered to obtain certifications in multiple areas including Licensed Practical Nursing (LPN) and Certified Nursing Assistant (CNA). THI was formed in 2015 by Katrina Robinson.

On or about October 13, 2017, Brooke Boudreaux completed applications to attend classes at THI. On October 14, 2017, Brooke Boudreaux sent Katrina Robinson a text message using Katie Ayers' phone in which she indicated that she was applying to attend THI and that the individual described in the indictment as "R.S." had agreed to pay her tuition. During this time, R.S. was providing financial support to Brooke Boudreaux in other areas, including housing, transportation, and her daughter's education.

On October 16, 2017, Brooke Boudreaux and Katrina Robinson met with R.S. at THI. At that time, R.S. authorized a payment of $14,470.00 on his American Express card in a transaction that affected interstate commerce. Ultimately, Brooke Boudreaux did not complete any of the educational programs offered at THI.

Between October 11, 2017 and November 22, 2017, Katrina Robinson, Katie Ayers, and Brooke Boudreaux communicated via text message about the tuition payment and the issuance of a refund check. On or about November 21, 2017, Katrina Robinson signed check #1235 drawn on THI's account at Regions Bank. The check was made payable to Brooke Boudreaux in the amount of $10,082.00. The memo line of the check specified "Tuition refund – LPN withdrawal." On or about November 27, 2017, Brooke Boudreaux negotiated the check in a transaction that affected interstate commerce.

R.S. continues to provide financial support to Brooke Boudreaux.